# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

L. F. JOHNSON v. HERBERT A. HARRISON.

January 11, 1934.

Present, Campbell, C. J., and Holt, Epes, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*S. Burnell Bragg,* for the plaintiff in error.

*Fred E. Martin* and *W. R. Ashburn,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Johnson instituted an action against Harrison to recover for personal injuries and damages to his automobile which he claimed were occasioned by reason of a collision at intersecting State highways. He attributed his injuries and the damage to his automobile to the negligence of Harrison and particularized his damages, claiming $10,000.00 for his personal injuries and $1,500.00 for

the destruction of his automobile. The case was tried by a jury and a verdict was rendered in his favor for the sum of $1,500.00, which, upon motion of the defendant, Harrison, was set aside by the court and final judgment was rendered in favor of Harrison, the defendant.

The parties are referred to in the respective positions they occupied in the trial court.

Both parties were driving their automobiles along State highways. The weather was clear and the time was about 1:30 P. M., or near the middle of the day. The two highways, both of which are of hard surface and of the usual width, intersect at about right angles. The "Shore Drive" road extends approximately east and west, while the "Chesapeake Beach" road extends approximately north and south.

The plaintiff was proceeding westwardly along the Shore Drive highway, while the defendant was proceeding northwardly on the Chesapeake Beach highway. The uncontradicted testimony shows conclusively that the plaintiff had an open and unobstructed view of the Chesapeake Beach road, upon which the defendant was driving and approaching the intersection, for approximately one-tenth of a mile, while the defendant had an unobstructed view of the Shore Drive, upon which the plaintiff was driving and approaching the intersection, for approximately the same distance and for these respective distances each could have seen the other's automobile had they looked. The plaintiff testified that he looked to his left over to the Chesapeake Beach road upon which the defendant was driving when he was approximately one-tenth of a mile away from the intersection and did not see the defendant approaching and that he did not again look in that direction until he (the plaintiff) was entering the intersection, at which time the defendant was forty feet away and approaching at the speed of at least fifty miles per hour. The plaintiff further testified that he had been driving thirty-five to forty miles per hour, but when he entered the intersection he had reduced

the speed of his automobile to twenty-five miles per hour. He further testified that his failure to look in the direction from which the defendant was approaching was due to the fact that he was looking to his right, where there were certain obstructions to his view of traffic that might be moving toward the intersection from that direction. On the right side of his road were several cottages quite a distance from the intersection, and at the northeast corner of the intersecting roads was a gasoline filling station. These buildings, he claims, caused him to exercise greater vigilance of the Chesapeake Beach road to his right and for that reason he failed to look for and see the defendant, who was approaching from his left.

The case was tried in the lower court upon the issues of the defendant's negligence and the concurring and contributory negligence of the plaintiff. The doctrine of the last clear chance was not made the basis of any claim for recovery there.

In passing, it is quite a singular and significant circumstance that, notwithstanding the fact that the evidence clearly disclosed that the plaintiff suffered serious physical injuries, expended considerable sums of money for medical attention and hospital expense, yet the jury allowed him by their verdict only $1,500.00, which by the uncontradicted evidence was slightly more than the value of his automobile, which was destroyed. From this it may readily be deduced that the jury allowed the plaintiff an amount sufficient to compensate him for the loss of his automobile, but refused to allow anything for his serious physical injury, hospital and other medical expense, or loss of time, even though these items were clearly established. The verdict reflects that the jury must have known that the evidence established the concurrent negligence of the plaintiff, yet they were unwilling to deny him any compensation at all and therefore awarded him a sum sufficient to reimburse him for the financial loss of his automobile.

The single question presented to this court which

need be noticed is whether or not the trial court was correct in its judgment in setting aside the verdict and entering judgment for the defendant. In our opinion the conclusion of the trial court was free from error, since it clearly appears from the plaintiff's own testimony that he convicted himself of concurring negligence when he testified that he entered the intersection at twenty-five miles per hour without first having looked to his left in the direction of the defendant, who was approaching at fifty miles per hour, in time to see whether or not he could cross the Chesapeake Beach road in safety.

The fact that the plaintiff had, under the Motor Vehicle Law of Virginia (Laws 1926, ch. 474, as amended), the right of way over the defendant on this occasion, in no degree could have excused him for his failure to look for the defendant, who, driving at fifty miles per hour, would necessarily have been seen by the plaintiff if he had kept a proper lookout. It cannot be said that the failure of the defendant to yield the right of way to the plaintiff was the sole proximate cause of the accident, because it could not have occurred except for the concurring negligence of the plaintiff in driving into the intersection without looking for the defendant. The law imposed upon the plaintiff the duty of exercising ordinary care for his safety even though he had the prior right to cross the intersection ahead of the defendant. The driver of an automobile will not be permitted to drive blindly into another fast approaching automobile, simply because he has the right of way over such other automobile. For the plaintiff to stand upon his right of way and fail or refuse to look for another automobile which is using the intersecting road when such other automobile is in plain view and approaching at a dangerous speed is the clearest kind of concurring negligence.

There are abundant authorities which sustain the conclusion we have reached. It will suffice to refer to a few of them. A similar situation was presented in the recent case of *Nicholson* v. *Garland,* 156 Va. 745, 158 S. E.

901, 902, where Justice Browning, in delivering the opinion of the court, said: "Again the plaintiff's own testimony shows that he was oblivious of the duty he owed to himself and others in the operation of his car upon approaching a street crossing. He utterly failed to keep a proper lookout. * * *"

And, continuing, the court said: "It is not to be denied that the driver of a car may be guilty of negligence, though he is proceeding at a slow rate of speed. His caution in the matter of speed will not absolve him from the duty of keeping a proper and effective lookout for oncoming vehicles when he is about to enter an intersection. In the performance of his duty we think the defendant failed and he was therefore guilty of negligence. That the contributory negligence of the plaintiff and the primary negligence of the defendant concurred to cause the accident is apparent."

Chief Justice Campbell clearly expressed the principle, in the case of *Hogan* v. *Miller,* 156 Va. 166, 157 S. E. 540, 544, where he said: "In the enactment of section 2145 (20), Motor Vehicle Act, section 19, the legislature never intended to relieve the driver of an automobile of the duty of exercising due care when approaching an intersection, even though he may have the right of way.

"In 37 A. L. R. 509, the rule is thus stated: 'The mere fact that one vehicle has the right of way over another at a street or highway intersection does not relieve the driver of the vehicle thus favored from the duty of exercising due care to avoid collision at the intersection.'

"In Blashfield's Cyclopedia of Automobile Law, volume 1, page 494, we read: 'Too firm an insistence upon the right of way, even when one is clearly entitled to it, may be the grossest kind of negligence. Under such rule, if it appears to the driver of the car having the right of way, or if he can, by the exercise of care commensurate with the danger of the situation, discover that the other driver does not intend to yield the right of way, or intends to take precedence, and that a collision will likely occur, he

cannot recklessly proceed, but is bound to stop or to turn aside, if, in the exercise of ordinary care for his own safety, he can do so. * * *.' "

In Huddy on Automobiles (6th Ed.), section 394, the law is thus stated: "One entitled to priority under the law is nevertheless required to keep a lookout for cars approaching from his left; and, if he fails in this respect, he may be charged with negligence."

Reference is made to other supporting authorities. Babbitt on Automobiles (3d Ed.), section 535; *Ulmer* v. *Pistole,* 115 Miss. 485, 76 So. 522; *Ash* v. *Blanchard,* 2 N. J. Misc. 997, 126 Atl. 428; *Pederson* v. *O'Rourke,* 54 N. D. 428, 209 N. W. 798.

There was no error in the judgment of the trial court, and it is affirmed.

*Affirmed.*