## WEAKLEY et al. v. UNITED STATES.
### No. 5501.

Circuit Court of Appeals, Fourth Circuit.

Dec. 9, 1946.

O. R. McGuire, of Washington, D. C., and J. Lynn Lucas, of Luray, Va., for appellants.

Henry T. Clement, Asst. U. S. Atty., of Chatham, Va. (F. S. Tavenner, Jr., U. S. Atty., of Woodstock, Va. on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This is an appeal from a judgment in favor of the defendant, the United States of America, in an action at law for damages in tort. The action arose out of a collision which occurred in Page County, Virginia, in a residential section, a short distance from the corporate limits of the town of Luray, at the intersection of two highways, or streets, known as Mechanic Street and Lee Street. The vehicles involved in the accident were a Ford sedan, owned and operated by the plaintiff John Weakley, with Rella Moyer as passenger, and a Government owned Chevrolet truck, driven by William Orris with John Wesley King as passenger. The case was tried before the District Court without a jury under the authority of an Act of Congress approved November 29, 1944, Private Law 409, 78th Cong., 2d Sess.1944, 58 Stat. 1035.

The salient facts are substantially as follows: On Sunday morning, June 29, 1941, at about 10 o'clock, the Weakley automobile was proceeding in an easterly direction on Mechanic Street at a speed estimated by the driver to be between "15 to 20 or 25" miles per hour. At the same time the Government truck, driven by Orris, was proceeding north on Lee Street with the intention of turning left at the intersection in order to continue westwardly on Mechanic Street. Of importance is the fact that Lee Street runs in a north-south direction at approximately right angles with Mechanic Street. It extends south from, but does not cross, Mechanic Street, with the result that the intersection of the two streets forms a T, of which Mechanic Street is the horizontal and Lee Street the perpendicular. Both streets appear to be of equal dignity, with Lee Street south of the point of intersection, and Mechanic Street west of that point, constituting State Highway No. 266. The distance between property lines on Mechanic Street is 50 feet, and the improved or hard-surfaced portion in the middle of the street comprises a strip approximately 15 feet wide. Lee Street has a hard-surfaced strip 18 feet in width and the distance between property lines is 40 feet. From a point on Lee Street about 150 feet south of the intersection and continuing to the west on Mechanic Street there is a rising grade of approximately 8 per cent. On neither street are there sidewalks or curb lines, and in the southwest quadrant of the intersection there are two large trees and a house which, except for an open space of about 6 feet between the trees and the house, obstruct the view of drivers proceeding north to the intersection on Lee Street and east to the intersection on Mechanic Street. At the time of the accident the roadway was dry, and visibility was unhampered by the weather conditions.

The uncontradicted evidence with respect to the Weakley car is that it came down the center of Mechanic Street and approached the intersection at a speed of about 25 miles per hour. Weakley was quite familiar with the intersection, for he lived in the neighborhood and had travelled the road on innumerable occasions. He stated that it was customary for traffic approaching on Lee Street to stop before entering Mechanic Street, and that he was relying on this fact at the time of the accident. A moment before the collision Weakley saw the Government truck in the space between the trees and the house, but it was then too late for him to do anything to avoid the accident.

The evidence shows a conflict as to the speed at which the Government truck approached the intersection. However, the District Judge found that the truck entered the area of intersection at a speed between 15 and 25 miles per hour, a finding which does not appear to be so unsupported by the evidence as to warrant its rejection. He also found that the truck did not proceed to the medial point of the intersection before turning left, but cut across the southwest quadrant of the intersection so sharply that the left wheels came across the dirt at the edge of the intersecting hard surfaces. The over-all length of the truck was about 22 feet, and as the paved portion of Mechanic Street was only 15 feet wide, it would have been difficult for the truck to pass the center of the intersection before turning left without leaving the hard surface.

It appears from the testimony that Orris, the driver of the truck, saw—though too late—the approaching machine and realized the danger, for in the moment before the collision he attempted to accelerate the truck sufficiently to reach the protection of a small driveway on the north side of Mechanic Street. This desperation move to avoid collision failed, and the vehicles came together about 20 feet west of the intersection in line with the west property line of Lee Street and approximately in the center of Mechanic Street. The point of impact was the front of the Weakley automobile and the outside left rear wheel of the Government truck. By the force of the impact the rear of the truck was swung around in a generally northeastern direction, and the truck came to rest, still in high gear, at a point some 25 or 30 feet northeast of the point of collision. The Weakley machine moved approximately 2 feet in advance of the point of contact.

Weakley was permanently injured in the collision, and his passenger was also hurt but not so severely.

 Upon these facts the District Judge concluded as a matter of law that the negligence of Weakley in driving downgrade at 25 miles an hour in the middle of the roadway, without slackening speed as he approached a known intersection, was the sole and proximate cause of the injury. We are in accord with this holding insofar as it determines that Weakley's negligence contributed to the accident, and the judgment against him must therefore be affirmed. But, we do not agree that this negligence was the sole cause of the injury; and since recovery is also sought for injuries suffered by Weakley's passenger, who seemingly had no share in the operation of the car, we must proceed to consider the countercharge that the Government truck was guilty of negligence that caused or at least contributed to the injury.

The holding that the negligent operation of the Weakley car was the sole cause of the accident was based primarily on the fact that the Government truck had the right of way under the Virginia Code, § 2154(123), Michie, 1942, which provides that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. Relying on this statute the judge held that the driver of the truck in the absence of actual knowledge of the approach of the other car was entitled to enter the intersection because he had the right to expect any vehicle approaching from the west to yield. For this reason the driver of the truck was acquitted of negligence with respect to the speed at which he entered the crossing, although this speed seemed to the judge greater than that which would have been wise if the driver had had reason to anticipate that he might meet another car within the intersection.

 In our opinion this view is erroneous. It is not correct to say that a driver who has the right of way under the Virginia law may enter an intersection at any lawful speed without liability to a vehicle coming on his left, unless he has *actual* knowledge of its approach. The right of way rule is established to safeguard and expedite traffic and to solve a question of conflicting rights which otherwise would frequently arise. It is not intended to relieve the driver of the favored vehicle from the duty to exercise reasonable care under the circumstances. Particularly it does not entitle him to enter an intersection without looking to his left or relieve him from all obligation to a vehicle coming from that direction unless he has actual knowledge of its approach. Indeed he must proceed with the ever present probability in mind that at every intersection he is likely to meet another vehicle travelling the street which he is about to cross. Any other interpretation of the rule would transform it from a measure designed for the safety and convenience of travelers into a source of danger and disaster. The Virginia authorities expressly hold that the driver on the right is not relieved of the duty to use reasonable care to avoid collision with vehicles approaching from his left. Hogan v. Miller, 156 Va. 166, 157 S.E. 540; Johnson v. Harrison, 161 Va. 804, 172 S.E. 259; Brown v. Lee, 167 Va. 284, 189 S.E. 339. See also Burdette v. Henson, 96 W.Va. 31, 122 S.E. 356, 37 A.L.R. 489 (involving same type of stat-

ute); Note, 1925, 37 A.L.R. 493, 509; 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed. 1935, § 1024; Huddy on Automobiles, 9th Ed. 1935, Vols. 3-4, § 154. This principle was reaffirmed by the Supreme Court of Appeals of Virginia in Remine v. Whited, 180 Va. 1, 7, 21 S.E.2d 743, 745, citing in part the above authorities, where it was said: "Indeed, all of the cases hold that this statutory right of way is one to be exercised with prudence and with due regard for the rights of others."

■ Bearing these considerations in mind, we are forced to the conclusion that on the facts found by the District Judge, the driver of the truck was guilty of negligence which contributed to the accident when he entered the intersection at 25 miles an hour without slackening speed and without taking precaution to avoid a collision with other vehicles using Mechanic Street. Moreover, this was not his entire fault; for he cut across the southwest quadrant of the intersection and passed to the left of its center in apparent violation of the Virginia Code, § 2154(121), Michie, 1942, which provides that drivers of vehicles when turning to the left at an intersection shall pass beyond the center of the intersection and as closely as practicable to the right of the center before turning the vehicle to the left. The judge found it difficult to say to what extent, if any, the action of the truck in this respect constituted negligence. He said that it was impracticable for the truck, because of its length, to pass through the intersection to the right of the center without leaving the hard surface, and that no evidence had been offered to show whether the ground adjacent to the hard surface was in such condition that it could be traversed by the truck. However, he held that even if the driver of the truck was negligent in cutting the corner, his negligence was not the proximate cause of the injury and did not contribute thereto because the Ford car was going so fast that it could not have been stopped in time even if the truck had passed to the right of the center of the crossing.

Our examination of the record, which had not been transcribed when the opinion was filed, convinces us that there was evidence tending to show that beyond the paved portion in the middle of the road there was a usable gravel section, and that it would have been practicable for the truck to pass to the right of the center of the crossing or very close to it. Hence there is some basis for a finding that Orris was negligent in failing to obey the last mentioned provision of the code. See Virginia Electric & Power Co. v. Clark, 179 Va. 596, 601, 19 S.E.2d 693; Birtcherds Dairy v. Randall, 180 Va. 311, 317, 23 S.E. 2d 229. However this may be, the difficulty of making the turn in the manner contemplated by the statute and required by considerations of safety made it all the more necessary for the driver in approaching and entering the area to use every reasonable precaution to minimize the danger to passing vehicles; and this he obviously failed to do. On the record before us, we have no doubt that the proximate cause of the collision was the concurrent negligence of both drivers, and the adverse judgment as to Weakley must be approved.

■ It does not appear, however, that Mrs. Moyer, the other plaintiff in this action, was other than a guest in the Weakley automobile. She had no control over the operation of the machine at any time and was merely being driven by Weakley at her request to the home of her father. If this be true, she has a right of action against the truck. See Williams, Adm'r v. Lynchburg Traction & Light Co., 142 Va. 425, 432, 433, 128 S.E. 732; Brown v. Parker, 167 Va. 286, 291, 189 S.E. 339, and authorities there collected. The negligence of the driver of an automobile will not be imputed to a mere passenger or guest unless he has, or exercises control over the driver. Gaines v. Campbell, Adm'r, 159 Va. 504, 166 S.E. 704; Norfolk & Portsmouth Belt Line R. R. v. Parker, 152 Va. 484, 147 S.E. 461; Boyd, Higgins & Goforth, Inc. v. Mahone, 142 Va. 690, 128 S.E. 259.

The judgment as to Weakley will be affirmed; and the judgment as to Mrs. Moyer will be reversed and the case as to her remanded for a new trial.

Affirmed as to John Weakley.

Reversed and remanded as to Rella Moyer.