# Richmond

Marguerite C. Branson v. Dixie P. Wise.

June 14, 1965.

Record No. 5960.

Present, All the Justices.

*Francis W. Flannagan* (*David S. Haynes; Curtin, Haynes & Winston*, on brief), for the plaintiff in error.

*Bradley Roberts* (*Dick B. Rouse*, on brief), for the defendant in error.

Eggleston, C. J., delivered the opinion of the court.

This litigation arises out of a collision between two automobiles at the intersection of Euclid avenue, running east and west, and Carter street, running north and south, in the city of Bristol. Euclid avenue is 74 feet wide from curb to curb, with two lanes of travel in each

direction, separated by a grass median strip 14 feet wide. The traveled portion of Carter street is 24 feet wide. The two streets cross at right angles and the intersection is level, open, and the view unobstructed.

Euclid avenue is designed as a "through street," with intended stop signs for vehicles entering from Carter street. But at the time of the accident construction work thereon had not been completed and such signs had not been posted.

On November 4, 1963, about 6:45 A.M., Mrs. Dixie P. Wise, accompanied by her small daughter, was driving her car westwardly along Euclid avenue. Mrs. Marguerite C. Branson was driving northwardly along Carter street. The two cars collided in the intersection, the front of the Branson car striking the left side of the Wise car. After the impact the Wise car continued westwardly along Euclid avenue, struck a utility pole on the north side of the street, and overturned.

Mrs. Wise, who was injured in the collision, filed a motion for judgment again Mrs. Branson to recover damages for her personal injuries and damages to her car. There was a trial by a jury which resulted in a verdict and judgment of $7,500 in favor of the plaintiff. We granted the defendant, Mrs. Branson, a writ of error.

The defendant admits that the evidence is sufficient to sustain a finding that she was guilty of negligence which was a proximate cause of the accident. The main question presented by the assignments of error is whether the plaintiff, Mrs. Wise, was guilty of contributory negligence which bars her recovery.

Both drivers were familiar with the intersection. Mrs. Wise, the plaintiff, testified that she was driving westwardly along Euclid avenue, approaching the intersection at about 25 miles per hour. On direct examination she gave this account of the accident: "Well, out of the corner of my eye I saw Mrs. Branson. I was heading west, and I saw her pull out, and never dreaming that she would come on into me—I thought she would come to the center of the highway and yield. When I saw she was going to hit me, I remember of cutting my wheels away from her and grabbing for my baby, because that was my main interest was her, when I saw she going to hit me."

On cross-examination she thus testified as to what occurred as she approached Carter street:

"Q. And you saw Mrs. Branson's vehicle sitting in Carter Street stopped, is that correct?

"A. No, sir, I didn't see her sitting stopped. I saw her moving out into the street when I saw her.

"Q. Was she moving under such circumstances that you thought she had come from a stopped position?

"A. I don't really know, because I mean—I really wasn't paying too much attention to her, because I never dreamed she wouldn't stop. I saw she was moving. I never dreamed—I knew I had the right of way and I didn't dream she was going to come in and hit me.

"Q. Why did you know you had the right of way?

"A. It is a through street."

Although pressed on cross-examination, Mrs. Wise insisted that she could not say just where the Branson car was when she first saw it. As she expressed it, "I would really be afraid to say, I don't know exactly. It would just be a guess." When she saw that the Branson car was not going to stop, it "was practically on top of me."

The plaintiff was equally as vague as to where her own car was when she first saw the Branson car. As she said, "I am just really afraid to try to say, because it happened so fast, I don't know."

The investigating officer testified that Mrs. Wise stated at the scene shortly after the collision that she saw the Branson car "just momentarily before the impact." Other witnesses testified that Mrs. Wise said that she did not see the Branson car before the impact. However, she denied having made these statements.

The defendant, Mrs. Branson, testified that as she drove northwardly along Carter street and reached the south side of Eculid avenue, she stopped and looked both ways. She allowed two eastbound cars to pass on Euclid avenue and then proceeded into and through the intersection at a speed of about five miles per hour until the collision occurred. She admitted that she did not see the Wise car "until we hit."

At the time of the accident the visibility was good and as the two vehicles approached the intersection the driver of each had an unobstructed view of the other. There were no other vehicles involved.

As has been said, the defendant, Mrs. Branson, admitted that she did not see the Wise car before the impact. It is clear from the plaintiff's own testimony, which has been recited, that she did not see the Branson car until just momentarily before the impact.

The crux of the plaintiff's case, as stated on her cross-examination, is, "I really wasn't paying too much attention to her, because I never dreamed she wouldn't stop. * * * I knew I had the right of way and

I didn't dream she was going to come in and hit me. * * * It [Euclid avenue] is a through street."

As we have many times said, the fact that one vehicle has the right of way over another at a highway intersection does not relieve the driver of the privileged vehicle of the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision. *Johnson v. Harrison*, 161 Va. 804, 809, 810, 172 S. E. 259; *Hoffman v. Stuart*, 190 Va. 880, 884, 885, 59 S. E. 2d 94, 96; *Shelton v. Detamore*, 198 Va. 220, 225, 93 S. E. 2d 314, 317.

In the present case the substance of the plaintiff's own testimony is that because she was on a "through street" and "knew" that she had the right of way, she assumed the other vehicle would stop and "really wasn't paying too much attention to" it. In this situation, it cannot be said that the failure of the defendant, Mrs. Branson, to yield the right of way to the plaintiff, or stop, was the sole proximate cause of the collision, because it likewise appears that the plaintiff, Mrs. Wise, was guilty of concurring negligence in not exercising ordinary care to keep a reasonable lookout. *Johnson v. Harrison, supra*, 161 Va. at 808.

Our conclusion is that it appears from the plaintiff's own testimony that she was guilty of contributory negligence which bars her recovery. Accordingly, the judgment will be reversed, the verdict set aside, and a final judgment here entered in favor of the defendant.

*Reversed and final judgment.*