## Staunton

### Shirley M. Bolinaga v. Virginia R. Savage.

September 10, 1965.

Record No. 5989.

Present, All the Justices.

*Augustus Anninos* and *James H. Kemper* (*Howell, Anninos & Daugherty*, on brief), for the plaintiff in error.

*John F. Rixey* (*Rixey & Rixey*, on brief), for the defendant in error.

Eggleston, C. J., delivered the opinion of the court.

Shirley M. Bolinaga filed a motion for judgment against Virginia R. Savage to recover damages for personal injuries received in a motor vehicle intersection collision. At the conclusion of the plaintiff's evidence the lower court struck her evidence and entered summary judgment for the defendant, on the ground that the plaintiff

was guilty of contributory negligence as a matter of law. To review that ruling the plaintiff sought and was awarded a writ of error.

The collision occurred on February 22, 1963, at about 9:00 A.M., at the intersection of Bluestone avenue, which runs north and south, and 47th street, which runs east and west, in the city of Norfolk. It had been snowing, the streets were covered with ice and slippery. Just prior to the collision Mrs. Bolinaga, the plaintiff, was driving northwardly along Bluestone avenue, while the defendant, Mrs. Savage, was proceeding westwardly on 47th street. There were no traffic controls at the intersection and no other vehicles were involved in the collision.

The plaintiff, Mrs. Bolinaga, testified that she approached the intersection at from 10 to 15 miles per hour and that when she was about six car lengths from the intersection she saw the Savage car on her right "stopped" at the intersection, headed west on 47th street. She further testified that, although she knew that the Savage car had the right of way, when she saw that that car had stopped she assumed that it would remain standing until she, the plaintiff, was safely through the intersection. Accordingly, the plaintiff said, she continued at the same speed toward the intersection; that when she was about one car length away from the southern side of 47th street, the Savage car proceeded "in front of" her into the intersection; that she, the plaintiff, blew her horn, applied her brakes, but was unable to avoid a collision, her car skidding into the Savage car. The front of the Bolinaga car struck the left front of the Savage car. She said that at the time of the impact the Savage car had come to a complete stop.

The defendant, Mrs. Savage, called as an adverse witness by the plaintiff, testified that as she approached the intersection she stopped and looked in both directions along Bluestone avenue and saw no cars. She then started into the intersection, signaling her intention to make a left turn and go south on Bluestone avenue. For the first time she then saw the Bolinaga car about two and one-half car lengths away, headed into the intersection. Realizing that a collision was imminent, Mrs. Savage testified that she stopped her car, braced herself, and the Bolinaga car skidded into the side of the Savage car.

We agree with the lower court that the plaintiff's own testimony shows that she was guilty of contributory negligence, as a matter of law, which proximately caused or contributed to the collision. In the situation described, it is obvious that the plaintiff violated Code (Repl. Vol. 1958), § 46.1-221, in not yielding the right of way to the

Savage car. The pertinent portion of that statute reads: "[W]hen two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right unless a 'Yield Right of Way' sign is posted. * * * The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

As has been said, the plaintiff testified that when she was about six car lengths, or more than 100 feet, from the intersection, she saw that the Savage car had reached the intersection and was stopped there. Despite her knowledge that under the circumstances the Savage car had the right of way, the plaintiff failed to stop or slow down, but continued at an unabated speed into the intersection. There is no evidence or claim by the plaintiff that the defendant approached the intersection "traveling at an unlawful speed" and thereby, under the language of the statute, forfeited her right of way.

The plaintiff's excuse for not yielding the right of way to the privileged Savage car was that when Mrs. Savage elected to stop before entering the intersection she thereby forfeited or waived her right of way. There are ready answers to this contention. In the first place, the statute in terms limits the forfeiture of the right of way of the driver of the privileged vehicle to a situation where that driver is "traveling at an unlawful speed." *Atwell* v. *Watson*, 204 Va. 624, 630, 133 S. E. 2d 552, 556.

Again, the fact that under the related circumstances the defendant stopped before entering the intersection did not amount to a forfeiture or waiver of the right of way accorded to her under the statute. We have several times said that although one vehicle has the right of way over another at a highway intersection that does not relieve the driver of the privileged vehicle of the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision. *Branson* v. *Wise*, 206 Va. 139, 142, 142 S. E. 2d 582, 584. To follow the argument of the plaintiff and hold that because the defendant brought her car to a stop before entering the intersection she thereby waived or forfeited her right of way, would amount to penalizing the driver of the privileged vehicle for having taken extra precaution under the circumstances. Obviously, the hazardous condition of the street called for added precaution.

The ruling of the lower court being plainly right, the judgment is

*Affirmed.*