## Richmond

JETHRO KING v. FRANK EDWARD ECCLES.

April 28, 1969.

Record No. 6849.

Present, All the Justices.

*E. Page Preston* (*Preston, Preston & Wilson*, on brief), for plaintiff in error.

*Leonard B. Sachs* (*Norman Olitsky*, on brief), for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On September 24, 1966, about 10:30 p.m., a collision occurred within the intersection of Portsmouth Boulevard and Dahlia Street, in the city of Portsmouth, between an automobile driven by Frank Edward Eccles and an automobile driven by Jethro King. Eccles

brought this action against King for damages for injuries received by him in the collision. He recovered a verdict and judgment for $3,750.00 and King appeals. His assignments of error are to the effect that the court refused his instructions on right-of-way and that the plaintiff, Eccles, was guilty of contributory negligence.

Portsmouth Boulevard runs in an east-west direction. It has two eastbound and two westbound lanes, each lane ten to fifteen feet wide, with the eastbound and westbound lanes separated from each other by small cement blocks in the middle of the street. The speed limit was 35 miles an hour.

Dahlia Street runs in a north-south direction and makes a through intersection with Boulevard. It is a narrow, two-lane street in a residential area and only two blocks long on the south side of Boulevard and with a speed limit of 25 miles an hour.

At the time of the accident the weather was clear and the roads were dry, straight and level. Some shrubbery on the south side of Boulevard near the intersection interfered to some extent with vision from vehicles approaching on the two streets. Each vehicle had its lights on and there was no other traffic at the intersection.

There were no traffic lights, stop signs, yield signs or other traffic controls at the intersection. There was evidence that elsewhere there were stop signs at three other intersections of side streets with Boulevard.

Plaintiff Eccles testified that as he approached the intersection from the west he was driving at thirty to thirty-five miles an hour in the inside eastbound lane; that he was three or four car lengths from the intersection when he saw the car of defendant King to his right, about three feet from the intersection, and moving forward at about five or eight miles an hour; that when he saw that defendant was not going to stop he started blowing his horn and cut to his right to try to miss him. He said his automobile was eighteen to twenty feet long.

Plaintiff testified that when he first saw defendant he did not then blow his horn but did so as he got closer, and then he applied his brakes when he was about three-fourths of a car length from the intersection.

The left front fender of his car struck the left side of defendant's car, which was then in the inside eastbound lane.

Defendant King testified that when he came to Portsmouth Boulevard driving north on Dahlia Street, he stopped and looked to his right and to his left and saw no car coming from either direction.

He planned to cross the eastbound lanes of Boulevard and make a left turn into the westbound lane to go to his home. He did not see the Eccles car coming until he had pulled out about ten feet into Boulevard. He explained that the shrubbery on Boulevard made it necessary to be out about that distance in order to see a car coming from the west. He then saw the Eccles car about one hundred fifty feet away in the outside lane but it moved into the inside lane and struck his, King's, car at its rear door. He was knocked out of his car and was lying in the center of the street after the collision.

There was some testimony from other witnesses which it is not necessary now to relate. The basic question here is: what were the travel rights of the litigants at this intersection?

Section 46.1-221 of the Code provides, with exceptions not here pertinent, that "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right * *. * * The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder."

The evidence is clear that these two vehicles approached or entered this intersection at approximately the same time. The driver of the vehicle on the left was the plaintiff Eccles. The vehicle on the right was defendant King's. Accordingly, King had the right-of-way and it was the statutory duty of Eccles to yield the right-of-way to him. Eccles did not do so. He thereby violated the statute and was guilty of negligence.

> " 'The violation of a statute, intended and designed to prevent injury to persons or property, or the failure to observe a positive safety requirement of the law, is, under a uniform line of decisions, negligence *per se*. * * And when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of the injury. * *' " *Richardson* v. *Lovvorn*, 199 Va. 688, 693-94, 101 S.E.2d 511, 515; *Esso Standard Oil Co.* v. *Williams*, 202 Va. 362, 365, 117 S. E.2d 93, 95.

The defendant was entitled to have the jury instructed to this effect, as well as to the effect that if defendant stopped his car prior to entering the intersection he did not thereby forfeit his right-of-way. *Bolinaga* v. *Savage*, 206 Va. 336, 338, 143 S.E.2d 839, 841.

Defendant offered such instructions but they were refused. His refused Instruction C-2 would have told the jury that if the two vehicles approached or entered the intersection at approximately the same time, it was the duty of the plaintiff to yield the right-of-way to the defendant, and if the plaintiff violated that duty he was negligent, and if such negligence was the sole or a contributing cause of the accident, the verdict should be for the defendant. It was a correct statement of the law, applicable under the evidence in the case and it was error to refuse it.

The trial court refused to give defendant's right-of-way instructions because, as explained in a written opinion, Portsmouth Boulevard is one of the main east-west arteries of traffic in Portsmouth, of a kind ordinarily protected by a stop or yield sign from traffic entering from a less important street; and that the motoring public is accustomed to this method of regulation, hence defendant was not entitled to the benefit of the statute at this intersection.

The reasoning has appeal, but here it runs head-on into the statute which says that in the situation described in this case the defendant had the right-of-way. If it should not be that way, the correction must be made by the legislature, not by the courts.

In the absence of such an exception in the statute, there is no warrant for a favoring of the more important road over a less important road. 7 Am. Jur. 2d, Automobiles and Highway Traffic, §§ 198, 199, pp. 748-50; 8 Am. Jur. 2d, § 752, p. 309; *Annotation*, 74 A.L.R. 2d, pp. 242, 246; *Maxwell* v. *Kirkpatrick*, 22 Tenn. App. 21, 116 S.W.2d 340.

In *Branson* v. *Wise*, 206 Va. 139, 142, 142 S.E.2d 582, 584, we said:

> "* * the fact that one vehicle has the right of way over another at a highway intersection does not relieve the driver of the privileged vehicle of the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision. * * " See also *Farmer* v. *Marine Center, Inc.*, 206 Va. 737, 742, 146 S.E. 2d 265, 270.

The privileged vehicle here was defendant's and whether he was negligent, and if so, whether his negligence was the proximate cause of the accident, were jury questions.

It is clear that § 46.1-222, asserted by the plaintiff to be the controlling statute, is not applicable under the evidence in this case.

Defendant was not turning "to the left across the line of travel" of plaintiff's vehicle, as would be necessary to make that statute apply.

For the reasons stated the judgment below is reversed and the case is remanded for a new trial.

*Reversed and remanded.*