### Richmond

JULIA WARE PERKINS

V.

ODELL STEPHENS CARR

Record No. 811585.

March 9, 1984.

Present: All the Justices.

*Robert E. Gillette* for appellant.

*J. Samuel Glasscock (Glasscock, Gardy & Savage,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

The plaintiff, Julia Ware Perkins, filed in the court below a motion for judgment against the defendant, Odell Stephens Carr, seeking damages for personal injuries sustained in an automobile accident. In a trial before a jury, the trial court struck the evidence at the conclusion of the plaintiff's case, holding that she was

guilty of contributory negligence as a matter of law. The court entered final judgment in favor of the defendant.

Stated in the light most favorable to the plaintiff, the evidence shows that the accident occurred at the intersection of Routes 603 and 1808 in the Town of Windsor between 6:30 and 7:00 p.m. on June 18, 1980. Route 603 is a through street running generally east and west. Route 1808, which the trial court found was the less important street, is only one block long and intersects Route 603 from the north, forming a "T" intersection. Both roads are paved and two lanes wide. No signs or other traffic signals controlled the intersection.

The plaintiff was proceeding west on Route 603, and the defendant was travelling south on Route 1808. Both drivers were operating within the speed limit. When the plaintiff was fifty feet from the intersection, she first saw the defendant, who was then thirty feet from the intersection. The defendant failed to see the plaintiff and entered the intersection, without stopping, at about the same time the plaintiff entered the intersection. Although the plaintiff applied her brakes and veered to the left, she was unable to avoid the defendant, and the two vehicles collided in the intersection.

On appeal, the sole question is whether the trial court erred in striking the plaintiff's evidence. The determination of this question turns on whether the trial court properly held that the defendant, as the driver on the right, had the right-of-way even though the roadway on which she approached the intersection was of lesser dignity than the street travelled by the plaintiff.

The parties debate the applicability of Code § 46.1-221. With certain exceptions not relevant here, this Code section provides that "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right unless a 'Yield Right-of-Way' sign is posted."

We interpreted Code § 46.1-221 in *King* v. *Eccles,* 209 Va. 726, 167 S.E.2d 349 (1969), which involved an accident at an uncontrolled intersection in Portsmouth. The intersection was formed by a major thoroughfare and a side street. We held that the driver on the right was entitled to the right-of-way under Code § 46.1-221 even though he approached the intersection on the less important side street.

The plaintiff argues, however, that *King* is inapposite because it involved a through or cross intersection, and not a "T" intersection, as is involved here. The plaintiff maintains that Code 46.1-221 was not intended to regulate a "T" intersection, "where the driver on the leg of the 'T' must turn left or right."

■ We disagree with the plaintiff. In plain terms, Code § 46.1-221 applies to "an intersection," meaning in this statutory context that the driver on the right has the right-of-way at any intersection, unless a yield sign is posted. The section makes no distinction between through or cross intersections on the one hand and "T" intersections on the other.

■ The plaintiff argues further that Code § 46.1-190(j) gave her the right-of-way. This section states in part that a person shall be guilty of reckless driving if he fails "to bring his vehicle to a stop immediately before entering a highway from a side road when there is traffic approaching upon such highway within five hundred feet of such point of entrance." A right-of-way exists, however, only if expressly created by statute. Code § 46.1-190(j) does not create a right-of-way in favor of a driver "approaching upon [a] highway . . . unless a 'Yield Right-of-Way' sign is posted." No "Yield Right-of-Way" sign or other signal was posted at the intersection involved in the present case.

■ The plaintiff argues next that she was entitled to the right-of-way under the provisions of Code § 46.1-216. In pertinent part, this section states that "[e]very driver who intends to . . . turn or partly turn from a direct line shall first see that such movement can be made in safety" and shall give a proper signal "whenever the operation of any other vehicle may be affected by such movement." These provisions, however, establish no right-of-way for the benefit of the "other vehicle . . . affected by such movement."

■ Finally, the plaintiff argues that Code § 46.1-222 granted her the right-of-way. This section provides that "[t]he driver of a vehicle, intending to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle *approaching from the opposite direction* which is so close as to constitute a hazard" (emphasis added). While there was no evidence indicating which direction the defendant intended to take, Code § 46.1-222 is inapplicable in any event; the plaintiff's vehicle was not approaching the defendant "from the opposite direction," as required before the Code section becomes operative.

In *King,* we took note of the view that the vehicle on the more important of the roadways forming an intersection should be granted the right-of-way, without regard to that vehicle's position on the left or right. We said that, while "[t]he reasoning has appeal, . . . it runs head-on into [Code § 46.1-221]." 209 Va. at 729, 167 S.E.2d at 351. We observed that if the rule "should not be [as stated in Code § 46.1-221], the correction must be made by the legislature, not by the courts." *Id.* And we concluded by saying that "[i]n the absence of such an exception in the statute, there is no warrant for a favoring of the more important road over a less important road." *Id.*

■ Fifteen years have passed since *King* was decided, and yet the General Assembly has not made any change in Code § 46.1-221. The present case is indistinguishable from *King,* except that the accident involved there occurred at a cross intersection in a city, while the one involved here occurred at a "T" intersection in a town. But these are distinctions without a difference; hence, *King* controls here and requires affirmance of the trial court's holding that the plaintiff was·guilty of contributory negligence as a matter of law.

■ The trial court also held as a matter of law that the plaintiff's contributory negligence was a proximate cause of the accident, but the plaintiff has not assigned error to this holding. Under Rule 5:21, "no error not . . . assigned will be admitted as a ground for reversal of a decision below."

For the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*

RUSSELL, J., concurring.

I agree with the majority's conclusions that Code § 46.1-221, as we interpreted it in *King* v. *Eccles,* 209 Va. 726, 167 S.E. 2d 349 (1969), applies at "T" intersections as well as at cross-intersections, and that the right-of-way it confers is unaffected by the question as to which roadway is more important. The inquiry should not, however, stop with the determination as to which driver had the right-of-way at an intersection.

A motorist approaching an uncontrolled intersection is not relieved of his duty to keep a proper lookout and to exercise reason-

able care not to injure others merely because he has the right-of-way. *Branson* v. *Wise,* 206 Va. 139, 142 S.E.2d 582 (1965). If he sees a vehicle approaching from his left, he may assume, until the contrary reasonably should appear, that the non-privileged driver will yield the right-of-way to him. But when it becomes reasonably apparent, in the exercise of ordinary care, that the non-privileged driver does not intend to yield, the privileged driver is not entitled to drive blindly into a collision, as the defendant did in this case. Both parties then have a duty to exercise reasonable care to drive so as to avoid injury to others. *See Ellett* v. *Carpenter,* 173 Va. 191, 3 S.E.2d 370 (1939).

Where, in such circumstances, a collision results, the question of proximate cause is one for the jury. *See Duncan* v. *Hixon,* 223 Va. 373, 288 S.E.2d 494 (1982). Only the fact-finder can determine, from the circumstances in evidence, the precise point in time at which it should reasonably have appeared to the privileged driver that his assumption that the right-of-way would be yielded to him was no longer warranted, thus imposing upon him a duty to take evasive action. *Reilley* v. *Byard,* 146 W. Va. 292, 119 S.E.2d 650 (1961). Only the fact-finder can determine whether, if the privileged driver had such a duty, he acted reasonably to discharge it in the circumstances. Only the fact-finder can determine, if the privileged driver breached such a duty, whether his breach proximately caused, or proximately contributed to cause, the collision. In making these determinations, the fact-finder must weigh the respective speeds of the vehicles, the visibility, terrain, condition of road surface, and all other factors bearing upon the drivers' respective abilities to maneuver. The issues cannot be resolved as a matter of law. *Basilotta* v. *Barker,* 222 Va. 683, 283 S.E.2d 220 (1981); *Underwood* v. *Radford,* 217 Va. 891, 234 S.E.2d 253 (1977); *Wallingford and Cooper* v. *Karnes,* 194 Va. 648, 74 S.E.2d 161 (1953).

Here, the plaintiff's failure to yield the right-of-way to a vehicle approaching from her right, if she could reasonably have seen it in time to avoid it, was evidence of negligence on her part. There was also evidence of negligence and reckless driving on the defendant's part in her failure to stop before entering a highway from a side road, as required by Code § 46.1-190(j). Whether the surrounding circumstances justified her insistence on her right-of-way was an issue for determination by the jury.

The majority opinion relies strongly upon *King* v. *Eccles, supra.* But in that case, on very similar facts, we did not resolve the issues as a matter of law. Rather, we remanded the case for new trial. Speaking of the negligence of the plaintiff, who entered the intersection from the left, we said, " 'when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of the injury.' " *King,* 209 Va. at 728, 167 S.E.2d at 351 (quoting *Richardson* v. *Lovvorn,* 199 Va. 688, .694, 101 S.E.2d 511, 515 (1958)). Speaking of the negligence of the defendant, who entered the intersection from the right, we said:

> 'the fact that one vehicle has the right of way over another at a highway intersection does not relieve the driver of the privileged vehicle of the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision . . . .'
>
> The privileged vehicle here was defendant's and whether he was negligent, and if so, whether his negligence was the proximate cause of the accident, were jury questions.

*King,* 209 Va. at 729, 167 S.E.2d at 351-52 (quoting *Branson* v. *Wise,* 206 Va. at 142, 142 S.E.2d at 584).

Thus, the trial court erred in striking the evidence. The issues should have been resolved by the jury upon proper instructions. Our ability to correct this error is frustrated by the appellant's failure to assign as error the trial court's refusal to submit the issue of proximate cause to the jury.[1]

Rule 5:21 provides, in pertinent part, "Only errors assigned in the petition for appeal will be noticed by this Court and no error not so assigned will be admitted as a ground for reversal of a decision below." There is no exception to this part of the rule. Thus we are compelled, by an assignment of error too narrowly drawn, to affirm what I think to be a reversible error, and to reach what I believe to be the wrong result.[2]

---

[1] The sole assignment of error reads:
The Court erred in holding that Section 46.1-221 of the Code was the applicable law governing the right of way at a "T" intersection of two (2) public roads, in the Town of Windsor, in the absence of any traffic control and that Sections 46.1-190(j) and 46.1-216 of the Code were inapplicable to such "T" intersection.

[2] It is clear from the record that appellant, in resisting the motion to strike, made a contemporaneous objection and fully argued that the jury had the right to determine proximate cause.

My concern is that the majority opinion, if read too broadly, might lead one who is driving lawfully on a highway to believe that he is at the mercy of any driver who lurches into his path from an uncontrolled side road on the right, without stopping, in violation of the reckless driving laws, regardless of visibility or road conditions, as a matter of law. Worse, it might encourage one who contemplates such an entry onto a highway from such a side road to conclude that he will be immune from civil liability if struck by a vehicle coming from his left. Such a state of the law would come as a distinct shock to the motoring public, and I cannot believe that the General Assembly intended that the interplay between Code §§ 46.1-221 and 46.1-190(j) would lead to such results. The time may have come for a legislative review of the statutory framework which governs cases of this kind.