## Richmond

GRACE HARRIS SAYRE v. JOHN H. SHIELDS, INDIVIDUALLY, ETC.

December 6, 1968.

Record No. 6760.

Present, All the Justices.

*W. Stephen Moore* (*James, Richardson and James*, on brief), for plaintiff in error.

*W. Glover Garner, Jr.* (*B. M. Millner; Robert W. Curran; Marshall, Blalock, Garner & Millner*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

The sole question presented in this case is whether the trial court was correct in setting aside the verdict in favor of the plaintiff, Grace Harris Sayre, for property damages and personal injuries sustained in an automobile collision, on the ground that she was guilty of contributory negligence as a matter of law.

The collision occurred in the intersection of Victoria boulevard and Grace street in the city of Hampton, Virginia, at approximately 5:30 p.m., on April 23, 1966. The weather was clear and the roadway was dry, straight and level. Victoria boulevard runs north and south, is approximately 50 feet wide, marked with a white center line, and has a speed limit of 35 miles per hour. Grace street runs east and

west and is approximately 24 feet wide. There were no traffic signs or controls at the intersection. The plaintiff was driving her automobile south on Victoria boulevard and the defendant, John H. Shields, was operating his taxicab west on Grace street. The parties involved were the only eyewitnesses to the collision.

Defendant, called as an adverse witness, testified that he had stopped at the intersection, looked both ways, and saw plaintiff's car approaching from his right a block away. He attempted to cross the intersection, and then noticed that the plaintiff's car was coming at a rapid rate of speed and stopped his cab just short of the center line of Victoria boulevard to avoid a collision. Plaintiff's car then crossed over into the wrong lane and struck his cab.

Plaintiff's account of how the collision occurred was as follows: "Well, I was coming down Victoria Boulevard, coming home actually from the Wythe Cleaners, and had stopped at the stop light at Armistead and Victoria, and had pulled off and going straight down Victoria and—this car hit me. I didn't see it. Just—just came from Grace Street side and struck me on the side, right on my left side." She further stated that after the collision defendant told her, "Lady, I didn't see you."

A police officer came upon the scene within a short time after the accident. He testified that he found the front of defendant's cab in the intersection just a little over the center line of Victoria boulevard, and plaintiff's car on Victoria boulevard approximately 100 feet south of the intersection. He said that a vehicle stopped on Grace street at the curb line of Victoria boulevard (where defendant claimed he stopped) would have been visible to one operating a vehicle south on Victoria boulevard towards its intersection with Grace street for a distance of well over 432 feet.

We have said many times that a motorist approaching an intersection is under a duty to see another vehicle which is in plain view, and is guilty of negligence if he fails to do so. *Perry* v. *Thompson*, 196 Va. 817, 820, 86 S. E. 2d 35, 37 (1955); *Oliver* v. *Forsyth*, 190 Va. 710, 716, 58 S. E. 2d 49, 51 (1950); *Brown* v. *Lee*, 167 Va. 284, 189 S. E. 339 (1937).

The mere fact that one vehicle has the right of way[1] over another at a street intersection does not relieve the driver thus favored from the duty of keeping a reasonable lookout and otherwise exercising

---

1. Code § 46.1-221 provides: "[W]hen two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right * * *."

ordinary care to avoid a collision. *Shelton* v. *Detamore*, 198 Va. 220, 225, 93 S. E. 2d 314, 317 (1956); *Yellow Cab Co.* v. *Eden*, 178 Va. 325, 341, 16 S. E. 2d 625, 631 (1941); *Johnson* v. *Harrison*, 161 Va. 804, 808, 172 S. E. 259, 260, 261 (1934).

Plaintiff says that she never saw defendant's taxicab until it struck her car, and for this she offers no excuse. All she knew about how the collision occurred was that while she was proceeding through the intersection defendant's cab struck her car on its left side. Plaintiff had the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid the collision. It is obvious that she did not discharge her duty. The uncontroverted evidence shows that defendant's cab moved into the intersection from a stopped position. If plaintiff had been keeping a reasonable lookout she could have seen the cab long before the collision occurred. Reasonable men should not disagree that the plaintiff was negligent in failing to see defendant's cab, which was in plain view, and that her negligence efficiently contributed to the accident. She is thus barred from recovery, since it is apparent that the contributory negligence of the plaintiff and the primary negligence of the defendant concurred to cause the collision.

Accordingly, we hold that the trial court was correct in setting aside the verdict for the plaintiff and in entering final judgment for the defendant.

*Affirmed.*