## Richmond

SHARON M. SEMONES V. LAWRENCE JOHNSON.

September 2, 1976.

Record No. 751117.

Present, All the Justices.

*E. Peter Kane; Philip M. Sadler (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for plaintiff in error.*

*Stuart B. Campbell, Jr. (Campbell, Young & Hodges, on brief), for defendant in error.*

POFF, J., delivered the opinion of the court.

Plaintiff's appeal from an order granting defendant summary judgment at the conclusion of plaintiff's evidence poses the question whether plaintiff's evidence was sufficient to raise a jury question.

Plaintiff Sharon M. Semones claimed damages for personal injuries arising out of an automobile collision which occurred about 7:30 a.m. on December 4, 1972, on U. S. Route 11 just west of Dublin. At this point, the blacktop highway was straight and level with two traffic lanes on either side of a median strip. The weather was clear and visibility was normal, but the road was wet from an earlier rain.

Three cars were proceeding east approaching Dublin. The first was driven by plaintiff, the second by Richard Myers, and the third by defendant, Lawrence Johnson. They had been travelling in that sequence a distance of two and one-half miles when plaintiff observed two dogs in the right lane near the edge of the pavement. Intending "to stop to keep from hitting the dogs", plaintiff applied her brakes. Myers turned into the left lane and passed plaintiff. Defendant applied his brakes and skidded into the rear of plaintiff's car.

The investigating officer testified that both vehicles were total losses; that defendant's car left 75 feet of "heavy" skid marks "straight ahead" in the right lane; that plaintiff's car, which came to rest in the right lane 75 feet east of the point of impact, had left no skid marks; that the posted speed limit was 60 m.p.h.; and that defendant had told him at the scene of the accident that "he was doing approximately 55 or 60."

Plaintiff testified that before braking, she looked in her rearview mirror and "knew two cars were behind me, but I knew that they were a proper distance from me." She could not remember "whether I had come to a complete stop before the impact", but she did recall that books lying on the seat beside her "did not fly out of the seat until the impact".

Myers testified that all three cars had been traveling at 55 m.p.h. and "about four or five car lengths" from each other; that when he saw plaintiff's brake lights flash, she "was stopping real fast"; that he believed she was "completely stopped"; and that he "barely had time" to "swerve around her." Asked if he knew where defendant's car was at the time he noticed plaintiff's brake lights, Myers said that he "didn't really have time to look" but "knew he was behind me."

Sustaining defendant's motion to strike plaintiff's evidence, the trial court said that the evidence raised a jury question as to plaintiff's contributory negligence but that "there is no evidence here to go to the jury as to primary negligence of the defendant." Expressing no opinion on the question of contributory negligence, we believe that primary negligence was properly a jury question.

In *Williams* v. *Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973), we discussed the rule, and the reason for the rule, governing trial courts in their consideration of motions to strike:

"When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and

should grant the motion only when 'it is conclusively apparent that plaintiff has proven no cause of action against defendant', *Leath* v. *Richmond, F. & P. R.R.*, 162 Va. 705, 710, 174 S.E. 678, 680 (1934), or when 'it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it.' *Green* v. *Smith*, 153 Va. 675, 679, 151 S.E. 282, 283 (1930). This is so because when a judgment based on a granted motion is reversed on appeal, a new trial must be conducted; when a plaintiff's verdict follows a denied motion, whether the verdict is set aside or confirmed by judgment below, this court may enter final judgment, thereby obviating the delay and expense of a new trial."

In *Williams* v. *Chesapeake Bay Bridge & Tunnel District*, 208 Va. 714, 717, 160 S.E.2d 573, 575-76 (1968), we emphasized that the trial court should consider not only the evidence challenged but also all inferences fairly deducible therefrom:

"We have repeatedly said that in ruling on a motion to strike plaintiff's evidence all inferences which may be fairly drawn from the evidence must be considered most favorably to the plaintiff, and where there are several inferences which may be drawn, *though they may differ in degree of probability*, the court must adopt those most favorable to the party whose evidence it is sought to have struck out, unless the inferences be strained, forced or contrary to reason. [Citations omitted]." (Emphasis supplied).

Here, the evidence lends itself to multiple inferences relevant to the question of primary negligence. Myers placed the speed of the three cars at 55 m.p.h.; defendant told the investigating officer that he was "doing approximately 55 or 60." While these estimates were within the speed limit, the physical evidence showed that defendant's car left 75 feet of "heavy" skid marks before impact; that plaintiff's car, leaving no skid marks, had been propelled, at least in part by the impact, a distance of 75 feet; and that both vehicles were damaged beyond repair. Such evidence would support a jury finding that, under the circumstances, defendant's speed was excessive and proximately contributed to the accident.

The jury could have inferred from what it heard that defendant was following Myers' car "more closely than [was] reasonable and prudent". Code § 46.1-213 (Repl. Vol. 1974). While plaintiff testi-

fied that the two cars "were a proper distance from me", her testimony was opinionary and she was not bound thereby. *See Baines* v. *Parker*, 217 Va. 100, 225 S.E.2d 403, 407 (1976). Although Myers had said that the three cars had been traveling "four or five car lengths" apart, he was unable to say how close defendant was at the critical moment. Even if defendant was no closer than four car lengths, the jury could have concluded that, considering his speed and the damp pavement, he was too close.

Defendant was under a duty to maintain a proper lookout and to keep his car under proper control. On appeal, defendant says that there was no evidence of lack of control and relies upon the fact that his skid marks "were straight and all in the righthand lane." But that fact does not negate a want of proper lookout or a lack of proper control. Myers saw plaintiff's car decelerating in time to take corrective action by swerving into the passing lane. A jury could have believed that, if defendant had been as attentive as Myers and had his car under comparable control, he would have perceived the same danger and taken similar corrective action.

These permissible inferences support plaintiff's view; others may support defendant's view. And it may be that the several inferences "differ in degree of probability". But, in ruling on defendant's motion to strike, the trial court was bound to adopt those most favorable to plaintiff.

*Reversed and remanded.*