## Richmond

GORDON TRAIL

v.

MASSIE ARWOOD WHITE

March 6, 1981.

Record No. 790056.

Present: Carrico, C.J., Harrison, Cochran, Poff,
Compton and Thompson, JJ.*

---

\* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired January 31, 1981.

Max Jenkins for appellant.

E. Peter Kane (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

This is a plaintiff's appeal from a summary judgment entered in an automobile property damage suit. The trial court sustained the defendant's motion to strike on the ground the plaintiff's evidence showed that he was guilty of contributory negligence as a matter of law. Under familiar principles, we review the evidence and the inferences it raises in the light most favorable to the plaintiff. *Willams* v. *Chesapeake Bay Bridge,* 208 Va. 714, 717, 160 S.E.2d 573, 575-76 (1968).

The damages resulted from a collision which occurred about 7:00 p.m. on February 23, 1978 at the intersection of State Route 100 and Hawkins Avenue near Dublin. At that intersection, Route 100 is divided into two northbound and two southbound lanes. Heavy snow was falling and the roads were slick. Before entering Route 100, the plaintiff, Gordon Trail, stopped his pickup, engaged the 4-wheel drive mechanism, and turned on his headlights and fog lights. At a point 200 yards north of the intersection, Trail, who was driving south in the right lane, observed a tractor-trailer truck owned by the defendant, Massie Arwood White, approaching the intersection in the left northbound lane of Route 100. No other traffic was moving in either direction. Trail began to apply his brakes lightly when he was "about 150 yards" from the on-coming truck. Without stopping, the defendant's driver turned left on Hawkins Avenue and continued across the southbound lanes at a speed of five m.p.h. Trail, who was travelling 25 or 30 m.p.h., testified that "[a]fter I got a little closer and seen he wasn't going to stop I put the brakes on a little bit harder." Trail explained that the truck "was supposed to have

stopped at that yield sign, but he didn't, he just come on right on across, and I was still in the right-hand lane and I applied the brakes and started sliding". By that time, the defendant's truck "was covering over a lane and a half."

A passenger in Trail's pickup testified that, at a point "about 200 feet" north of the intersection, he saw the tractor-trailer approaching in the left-turn lane; that Trail "tapped his brakes"; that the defendant's truck "never completely stopped"; and that when Trail "went to hit his brakes like that we just started into an easy slide" and "started turning just real slowly—there was no way we could straighten up or get over in the other lane or do anything." The pickup skidded, entirely in the right lane, until the right front struck the right rear corner of the trailer. The pickup came to rest facing west with its front bumper at the western edge of Route 100. The defendant's truck stopped 75 yards west of that point on Hawkins Avenue. The investigating officer found no evidence that either driver had been drinking and nothing to contradict Trail's estimate of his speed.

■ Circumstances alter cases. What may be ordinary care in one situation may be dereliction of duty in another. When circumstances, reasonably discernible, create a hazard, reasonably foreseeable, the standard of care the law imposes is that degree of care an ordinarily prudent person would exercise under similar conditions.

> "Where nature has created hazardous conditions on a highway, and such hazardous conditions are open and obvious, the operator of a motor vehicle is required to take care in the operation of his vehicle proportionate to the known dangerous condition of the highway."

*Fisher* v. *Gordon,* 210 Va. 523, 526-27, 171 S.E.2d 835, 838 (1970). But, as we have said, "mere proof of the skidding of a motor vehicle on a slippery roadway does not establish negligence on the part of its operator, but is a circumstance to be considered . . .". *Whitley* v. *Patterson,* 204 Va. 36, 38, 129 S.E.2d 19, 21 (1963). "In cases of skidding," we continued, "the principal inquiry is as to the driver's conduct prior to such skidding." *Id.*

■ The evidence of Trail's prior conduct shows that he recognized that the heavy snowfall had created hazardous driving conditions. Before entering the main highway, he took the precaution of stopping, engaging the 4-wheel drive transmission to improve traction, and turning on his headlights and fog lights so that he might better see and be seen. When Trail first saw the defendant's truck ap-

proaching the intersection, he "tapped" his brakes. Seeing that the truck driver had ignored the "yield" sign and was moving across his path, he applied the brakes "a little bit harder". All testimony of record indicates that, once the skid began, it was impossible to check momentum or to alter course by steering left or right. And there is no evidence whatever to show that Trail failed to maintain a proper lookout or that he was guilty of any statutory infraction.

At most, the only questions concerning Trail's conduct prior to skidding were, first, whether his speed, although within the posted limit, was excessive under the circumstances prevailing and, second, whether the force with which he applied his brakes the second time was negligent under those circumstances. Surely, fair-minded men could differ on those questions, and we hold that the trial court erred in sustaining the defendant's motion to strike.*

We have stated and repeatedly reaffirmed the rule trial courts should follow in considering such motions.

> "When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor. . . . This is so because when a judgment based on a granted motion is reversed on appeal, a new trial must be conducted; when a plaintiff's verdict follows a denied motion, whether the verdict is set aside or confirmed by judgment below, this court may enter final judgment thereby obviating the delay and expense of a new trial."

*Williams* v. *Vaughan,* 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973); *accord, Meador* v. *Lawson,* 214 Va. 759, 761, 204 S.E.2d 285, 287 (1974); *Semones* v. *Johnson,* 217 Va. 293, 294-95, 227 S.E.2d 731, 733 (1976). This rule, based as it is on the principle that negligence is ordinarily a jury question, is applicable whether the issue raised on a motion to strike is primary negligence or contributory negligence.

Applying the rule here, we will reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*

---

* "What corrective action is prudent when a slick surface causes a driver to lose control of his car is hardly a matter of law. Should he disengage the clutch? Apply the brakes? Steer in the direction of the slide and, as the direction changes from time to time, turn the wheel again and again? Is there any assurance that any maneuver will enable him to bring the car under control?"
*Coleman* v. *Blankenship Oil Corp.,* 221 Va. 124, 130, 267 S.E.2d 143, 147 (1980).