## Richmond

### LUCIAN N. BUTLER

### v.

### ISSAAC EUGENE YATES, ET AL.

September 11, 1981.

Record No. 800930.

Present: Harrison, Poff, Thompson, JJ. and Harman, S.J.

*Robert C. Whitestone (Whitestone, Rodway, Phillips & Brent, P.C., on brief), for appellant.*

*Joseph D. Roberts (James L. Berry; Slenker, Brandt, Jennings & Johnston, on briefs), for appellees.*

THOMPSON, J., delivered the opinion of the Court.

Lucian N. Butler, seeking damages for injuries sustained in an automobile accident, filed this negligence action against Isaac Eugene Yates, the driver of the car with which he collided. At the conclusion of Butler's evidence, Yates made a motion to strike the plaintiff's evidence on the ground that Butler was guilty of contributory negligence. The trial court sustained the motion and entered summary judgment for Yates. In this appeal brought by Butler, the sole issue for our review is whether the trial court erred in concluding as a matter of law that Butler was contributorily negligent and hence barred from recovery of damages.

The accident occurred in Clarke County near the intersection of Route 50 and Route 255 at approximately 12:55 p.m. on February 20, 1977. At that point, Route 50 is a four-lane highway with two eastbound and two westbound lanes divided by a grass median strip approximately two car lengths wide. Route 255 intersects with Route 50's right-hand westbound lane. An unidentified road, directly across from Route 255, joins Route 50's right-hand eastbound lane. A paved roadway bisects the median strip at this point so that one traveling northward on the unidentified road can continue directly northward onto Route 255. A stop sign controls northbound traffic on the unidentified road at its intersection with eastbound Route 50. Another stop sign controls southbound traffic on Route 255 at its intersection with westbound Route 50. No traffic control devices are found in the paved crossover. The speed limit for this portion of Route 50 is 55 miles per hour.

Butler, driving a 1963 half-ton panel truck in the right-hand westbound lane of Route 50, collided with a 1963 Cadillac operated by Yates, who was traveling from the paved crossover into the westbound lanes of Route 50. At the time of the accident, the weather was clear, and the road surface was dry. Traffic was very

light. The investigating police officer estimated that a driver at the paved crossover who was observing westbound traffic on Route 50 would have a visibility of four-tenths of a mile.

Yates, called as an adverse witness, testified that he approached the intersection from the unidentified road. After stopping at the stop sign for oncoming traffic, he proceeded across the eastbound lanes to the paved crossover. Continuing across the westbound lanes, Yates was struck in the right-hand westbound lane by Butler's vehicle. He testified that, although nothing obscured his vision, he did not see Butler's truck until the moment of impact. According to Yates, the time lapse between the moments when he began to enter the left-hand westbound lane and when the collision occurred "[c]ouldn't have been over two or three seconds, something like that."

Butler testified that he was traveling between 45 and 50 miles per hour in the right-hand westbound lane of Route 50 prior to the collision. He did not see Yates' vehicle until it was moving into the left-hand westbound lane and was "probably" 100 feet in front of him. He could not specify how far Yates' vehicle was protruding into the left-hand westbound lane when he first noticed it. Butler testified he immediately applied his brakes, but was unable to avoid the collision. He estimated the time lapse between the moments when he first observed Yates' vehicle and when the collision took place "couldn't have been over 3, 4 seconds at the most."

The trial court ruled, as a matter of law, that Butler's failure to observe Yates' car before he did constituted contributory negligence which had proximately caused the collision. We disagree. The standard by which a motion to strike should be judged is well settled. "When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor . . . ." *Trail* v. *White,* 221 Va. 932, 935, 275 S.E.2d 617, 620 (1981), quoting *Williams* v. *Vaughan,* 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973). This principle "is applicable whether the issue raised on a motion to strike is primary negligence or contributory negligence." *Trail,* 221 Va. at 935, 275 S.E.2d at 620. Moreover, in ruling on a motion to strike, the trial judge is obliged to "adopt those inferences most favorable to the party whose evidence is challenged, even though he may believe

different inferences are more probable." *Lane v. Scott,* 220 Va. 578, 582, 260 S.E.2d 238, 240 (1979).

■ In light of these principles, we think that reasonable persons could disagree whether Butler was guilty of contributory negligence proximately causing the accident. Butler had no obligation to continuously watch the unidentified road or the eastbound lanes of Route 50 for vehicles which might dart across the paved crossover into his lane of travel. While Butler failed to see Yates' car until it began entering the left-hand westbound lane, reasonable persons could differ on whether Butler should have observed the Yates vehicle sooner.

■ In reaching the conclusion that Butler was contributorily negligent, the trial court relied heavily upon our statement in *Sayre v. Shields,* 209 Va. 409, 410-11, 164 S.E.2d 665, 667 (1968), that a driver with the right-of-way must nevertheless keep a reasonable lookout for other vehicles. We reaffirm that principle today. Our affirmance of the *Sayre* trial court's decision setting aside a verdict for the plaintiff, however, is not controlling here because in *Sayre* the plaintiff did not see the defendant's vehicle prior to the collision and could have easily avoided the collision if she had done so. Here, the plaintiff saw the defendant's vehicle when it was about 100 feet away and left a 45-foot skid mark in an attempt to avoid the accident. Likewise, *Branson v. Wise,* 206 Va. 139, 142 S.E.2d 582 (1965), a case involving somewhat similar facts to those at issue here, is distinguishable.

In *Branson,* the plaintiff, although conscious of the defendant's car, assumed the defendant would stop, did not pay "too much attention" to defendant's vehicle, and failed to realize the defendant's vehicle was not going to yield until she "was practically on top of me." *Id.* at 141, 142 S.E.2d at 583-84. That the plaintiff did not take reasonable measures to avoid a potential collision is demonstrated by her own admission:

A. . . . . I saw her moving out into the street when I saw her.

. . . .

A. . . . . I really wasn't paying too much attention to her, because I never dreamed she wouldn't stop. I saw she was moving. I never dreamed—I knew I had the right of way and I didn't dream she was going to come in and hit me.

206 Va. at 141, 142 S.E.2d at 583-84. No such evidence exists in the instant case; there is nothing in the record which indicates that Butler was aware or should have been aware that Yates was going to traverse the intersection.

For the reasons stated, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*

POFF, J., concurring.

I fully agree with the result reached by the majority, but I find it difficult to distinguish the decisions in *Sayre* v. *Shields,* 209 Va. 409, 164 S.E.2d 665 (1968), and *Branson* v. *Wise,* 206 Va. 139, 142 S.E.2d 582 (1965).

In those cases, the Court held, as a matter of law, that the plaintiff was guilty of contributory negligence. Since a plaintiff's negligence bars recovery only when his negligence proximately contributed to his injury, each holding was underpinned by two findings, *viz.,* (1) that the plaintiff was guilty of negligence in failing to maintain a reasonable lookout to determine whether the defendant might fail to yield the right of way, and (2) that such failure was a proximate cause of the collision. Necessarily subsumed in the second finding was the conclusion that the plaintiff should have seen the defendant and anticipated his negligence in time to take effective preventive action. Assuming the evidence in those cases justified a finding that the plaintiff was guilty of negligence as a matter of law, I believe proximate cause was a jury question; reasonable men could have disagreed whether the evidence showed that the plaintiff should have seen the defendant and recognized the possibility of peril in time to take effective preventive action.

In my view, the same is true here. Even if plaintiff Butler should have seen defendant Yates as he entered the crossover and should have realized at that time that Yates might violate the rules of the road by continuing into the westbound lanes across his path, reasonable men could differ whether Butler, confronted by the crisis created by the defendant's primary negligence, could have taken any action which would have avoided the collision. This was a question of fact, inherent in determination of the issue

of proximate cause, and the trial court erred in not submitting it to the jury.

I would base our decision to reverse and remand upon that error alone. And, to the extent our decisions in *Sayre* and *Branson* rested upon a finding of proximate cause as a matter of law, I would overrule those decisions.