# Henrietta C. McGowan

### v.

# John Haywood Lewis and Fairchild Trucking, Inc.

Record No. 840376

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

*Thomas P. Mains, Jr.* for appellant.

*Paul R. Pearson (Ignacio Britto Pessoa; Arthur and Speed, Ltd.,* on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

---

* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

Henrietta C. McGowan sued John Haywood Lewis and Fairchild Trucking, Inc. (collectively, "Lewis"), for personal injuries sustained when McGowan's car and Lewis' truck collided just as McGowan had finished crossing a one-lane bridge located in Prince William County. At the conclusion of McGowan's evidence, Lewis moved to strike the plaintiff's evidence on the ground that the evidence established that McGowan was contributorially negligent as a matter of law. The trial court granted the motion to strike. McGowan appealed. We will reverse.

Upon review of the grant of a motion to strike, this Court will consider the evidence and all reasonable inferences arising therefrom in the light most favorable to the appellant, resolving any doubt as to the sufficiency of the evidence in favor of the appellant. *See Butler* v. *Yates*, 222 Va. 550, 281 S.E.2d 905 (1981).

The accident occurred on October 1, 1982, on Spriggs Road in Prince William County. The day was clear and sunny. The road was a narrow two-lane, winding road. McGowan described the road as "a small back road, country road like, with a one-lane bridge." She was headed north.

She testified that the bridge first came into view at a distance of about 50 yards. When she was 25 yards away from the bridge, she saw a dump truck approaching the bridge from the other side, "way up the hill." At the point McGowan first saw the truck, it was 120 yards from the northern end of the bridge. No other traffic was between McGowan's car and the truck.

The bridge was short, approximately one and one-half to two times the length of McGowan's Dodge van. As McGowan approached the bridge she was travelling twenty miles per hour. Once she got on the bridge she reduced her speed to ten miles per hour. When she entered the bridge she was not concerned about the truck because "[h]e was off in a distance and there wasn't reason for [her] to be concerned." She was unable to judge the speed of the truck because it was too far away. She testified that when she started to cross the bridge she could still see the truck and at that time the truck was still far up the hill.

Just as she was getting off the bridge she became very concerned because the truck was coming directly at her and was apparently not going to stop. At the point of the collision, McGowan had crossed the entire bridge. The dump truck pushed her car back across the bridge.

On cross-examination, McGowan admitted that when she first saw the dump truck she could have stopped and waited for the truck to cross the bridge first. This admission was the basis of the trial court's ruling that McGowan was contributorially negligent as a matter of law. The trial court reasoned as follows:

> She still saw this vehicle 120 yards away, according to her testimony, coming down the hill at a high rate of speed. She put herself in that position of peril and that is contributory negligence, the way that I view it.
>
>  . . . .
>
> [S]he contributed by her negligence to the happening of this accident, in seeing this vehicle way in advance when she was 25 yards from the bridge, by her testimony, he was 120 yards from the bridge coming down hill, and she could have stopped and didn't stop; she didn't attempt to stop and she could have stopped. She was contributorially negligent. . . .

In the first of the foregoing excerpts, the trial court includes a fact not established in McGowan's case. According to the trial court, McGowan saw that the truck was coming down hill at a high rate of speed. McGowan testified, however, that the truck was so far away she could not gauge its speed.

The essence of McGowan's case is that when she entered the bridge the dump truck was so far away that she thought she could safely cross the bridge. The trial court decided the case on the ground that McGowan could have stopped when she first saw the truck, and there would not have been an accident. Such a test would mean that anytime one motorist sees another motorist on the other side of a one-lane bridge, regardless of relative distance, the first motorist must stop and wait or else — in the event of a collision — be found contributorially negligent as a matter of law. The question is not whether McGowan could have stopped, but rather whether she reasonably could have proceeded.

If reasonable minds could differ on the issue of McGowan's contributory negligence, then the issue was one for the jury. *Griffin* v. *Shively*, 227 Va. 317, 320, 315 S.E.2d 210, 212 (1984); *Meeks* v. *Hodges*, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983); *Riley* v. *Harris*, 211 Va. 359, 362, 177 S.E.2d 630, 633 (1970). In our view, this case was appropriate for resolution by a jury. On the facts of this case, a jury could have concluded that

McGowan reasonably believed that since her car had reached the bridge at a time when the truck was "off in a distance" she could safely cross the bridge.

Lewis argues that McGowan paid no attention to the truck and, thus, had no basis upon which to conclude that she could cross the bridge safely. Lewis submits that McGowan simply concluded that because she got to the bridge first she had the right of way and had no duty to be on the lookout for others.

Lewis' argument differs from the trial court's rationale for granting the motion to strike. The trial court did not rule that McGowan paid no attention to the dump truck. The trial court simply said that as soon as McGowan saw the truck she should have stopped. Apparently, Lewis is contending that the trial court was right for the wrong reason. We disagree. We conclude from the record that a jury could have believed that McGowan paid attention to the truck but thought, nevertheless, she could cross the bridge in safety.

We hold that the trial court erred in granting the motion to strike plaintiff's evidence. Therefore, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*