Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Millette, JJ., and Carrico, S.J.

WILLIAM P. RASCHER

                                          OPINION BY
v.  Record No. 090193          JUSTICE LAWRENCE L. KOONTZ, JR.
                                         February 25, 2010
CATHLEEN FRIEND


           FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
              Herman A. Whisenant, Jr., Judge Designate

     In this appeal, we consider whether the circuit court erred in striking the plaintiff's evidence in a personal injury case arising from a motor vehicle accident on the ground that the plaintiff was contributorily negligent as a matter of law.  The plaintiff contends that the issue of his contributory negligence should have been submitted to the jury.  Additionally, the plaintiff contends that, even if his actions were negligent, the jury could have found that his negligence was not a proximate case of the accident that resulted in his injuries.

                            BACKGROUND

     The well established standard under which a circuit court should review the evidence in a jury trial before granting a defendant's motion to strike based on the assertion that the plaintiff was contributorily negligent as a matter of law requires the court to accept as true all the evidence favorable to the plaintiff as well as any reasonable inference

the jury might draw from the evidence which would sustain the plaintiff's cause of action.  McGowan v. Lewis, 233 Va. 386, 387, 355 S.E.2d 334, 334 (1987); see also Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997).  Similarly, "[o]n appeal, we review a trial court's judgment striking the evidence, considering the facts in the light most favorable to the plaintiff and drawing all fair inferences from those facts."  Green v. Ingram, 269 Va. 281, 290, 608 S.E.2d 917, 922 (2005).

When so viewed, the evidence presented at trial established that around noon on September 2, 2006, William P. Rascher was traveling on his bicycle south on Antietam Road in Prince William County, a two-lane road running through a primarily residential area with a 25 m.p.h. speed limit. Cathleen Friend was driving her minivan north on the same road.  Antietam Elementary School lies west of the road and is reached though a circular driveway.  Although it had been raining earlier in the day and the pavement was wet, the weather was clear and visibility was optimal.

As Rascher approached the intersection of Antietam Road and the school's driveway, he observed Friend stopped in her minivan in the opposite lane approximately 50 feet away, apparently waiting to make a left turn into the school's driveway.  Rascher, who was wearing a red riding jacket,

"stared" at Friend and was confident that she could see him. Rascher then looked down at his bicycle's speedometer for "a half second to a second" and determined that he was traveling at about 19 m.p.h. When Rascher looked up, he saw that Friend had turned left and that her minivan was about three to five feet in front of him in his lane of travel.

Rascher struck the rear passenger side of Friend's minivan. From the force of the impact, Rascher was thrown forward over the handlebars of the bicycle and landed on the road. As a result of injuries to his shoulder, thigh, and wrist, Rascher subsequently incurred over $15,000 in medical expenses.

Following the accident, Friend told Rascher that she had not seen him and accepted responsibility for the collision. Friend was charged with failing to yield the right of way, Code § 46.2-825, and pre-paid the statutory fine for that offense.

On October 1, 2007, Rascher filed a complaint against Friend in the Circuit Court of Prince William County. Rascher sought $250,000 in damages for his medical expenses, pain, and suffering. On October 25, 2007, Friend filed an answer denying liability for Rascher's injuries and further asserting that she would rely on the defense of contributory negligence.

A jury trial was held in the circuit court on September 8 and 9, 2008 in which evidence in accord with the above recited facts was received. Friend made a motion to strike Rascher's evidence at the conclusion of Rascher's case-in-chief and renewed that motion at the conclusion of all the evidence, contending that Rascher had failed to maintain a proper lookout because he looked at his speedometer after determining that Friend intended to turn left across his lane of travel. The circuit court granted Friend's motion, ruling that while "[t]here's no question that [Friend] was negligent in failing to yield the right of way," "Rascher was contributor[ily] negligent in not exercising ordinary care to keep a reasonable lookout [when] he took his eyes off the intersection of the road and [Friend's minivan] and looked down at his speedometer." The court reasoned that had Rascher not taken his eyes off the road to check his speed, "maybe he could have avoided the accident" because he would have seen Friend turn sooner. On October 24, 2008, the circuit court entered a final order memorializing its ruling granting the motion to strike and entered judgment for Friend, with Rascher noting specific objections in writing. We awarded Rascher this appeal.

DISCUSSION

Rascher contends that the circuit court erred in granting Friend's motion to strike because the jury could have determined from the evidence that Rascher had acted reasonably under the circumstances and, thus, had not acted with any negligence. He further contends that even if his failure to maintain constant visual contact with Friend's vehicle was negligent, the jury could nonetheless have found that such negligence was not a proximate cause of the accident. We agree with Rascher on both points.

The principles of contributory negligence are familiar and well settled. "Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. The essential concept of contributory negligence is carelessness." Jenkins v. Pyles, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005)(citations omitted). "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. The issue becomes one of law for the circuit court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence." Id. at 389, 611 S.E.2d at 407.

5

Contributory negligence consists of the independent elements of negligence and proximate causation. <u>Karim v. Grover</u>, 235 Va. 550, 552, 369 S.E.2d 185, 186 (1988). Accordingly, "[w]hen a defendant relies upon contributory negligence as a defense, he has the burden of proving by the greater weight of the evidence not only that the plaintiff was negligent, but also that his negligence was a proximate cause, a direct, efficient contributing cause of the accident." <u>Id.</u> (internal quotations and citation omitted)

Generally, when contributory negligence is asserted by the defendant in a motor vehicle accident case and it is not disputed that the plaintiff had the right of way, the defendant must show that the plaintiff was negligent because he actually saw or had the opportunity to see the defendant's vehicle, but failed to maintain a proper lookout, and that this negligence was a proximate cause of his injuries because otherwise the plaintiff would have been able to avoid the accident. <u>See</u>, <u>e.g.</u>, <u>Butler v. Yates</u>, 222 Va. 550, 554, 281 S.E.2d 905, 907 (1981). Typically, the defendant prevails by showing that the plaintiff actually saw the defendant's vehicle, but thereafter completely disregarded the possibility that the defendant would not yield the right of way, <u>see</u>, <u>e.g.</u>, <u>Branson v. Wise</u>, 206 Va. 139, 141-42, 142 S.E.2d 582, 583-84 (1965), or that the plaintiff reasonably should have

6

seen the defendant and could have easily avoided the collision, but was inattentive.  See, e.g., Sayre v. Shields, 209 Va. 409, 410-11, 164 S.E.2d 665, 667 (1968).

In this case, however, the evidence showed only that Rascher, clearly aware of Friend's vehicle and that he had the right of way, looked away from his lane of travel only momentarily to check his speed.  While the circuit court presumed that had Rascher not done so he might have been able to avoid the accident, the evidence was by no means so clear on this point as to establish that Rascher was negligent as a matter of law.  Moreover, Code § 46.2-823 provides that a person operating "any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have." Accordingly, while a person operating a vehicle on a public road with the right-of-way has a continuing duty to maintain a proper lookout, he also has a duty to monitor his speed. Thus, the jury could have determined that Rascher's action of momentarily looking at his speedometer to check his speed was a reasonable action under the circumstances.

The law of proximate causation, as an element of contributory negligence, is also well established.  " 'The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that

event would not have occurred.' " Beverly Enterprises-Virginia, Inc. v. Nichols, 247 Va. 264, 269, 441 S.E.2d 1, 4 (1994) (quoting Coleman v. Blankenship Oil Corp., 221 Va. 124, 131, 267 S.E.2d 143, 147 (1980)); accord Williams v. Le, 276 Va. 161, 167, 662 S.E.2d 73, 77 (2008). There may be more than one proximate cause of an event. Williams, 276 Va. at 167, 662 S.E.2d at 77 (citing Panousos v. Allen, 245 Va. 60, 65, 425 S.E.2d 496, 499 (1993)). As with questions of negligence, whether an act was a proximate cause of an event is best determined by the jury. Kellermann v. McDonough, 278 Va. 478, 493, 684 S.E.2d 786, 793 (2009); Moses v. Southwestern Va. Transit Mgmt. Co., 273 Va. 672, 679, 643 S.E.2d 156, 160 (2007); Jenkins, 251 Va. at 128, 465 S.E.2d at 799. This is so simply because the particular facts of each case are critical to that determination.

As indicated above, Rascher's alleged failure to maintain a proper lookout when he had the right of way and could assume that Friend would not turn illegally in front of him would only have been contributorily negligent if the evidence established that he could have avoided striking Friend's vehicle upon maintaining a proper lookout. If the evidence established that he could not have avoided the collision, then any negligence on his part would not have been a proximate cause of the accident.

The evidence showed that Rascher was no more than 50 feet from the intersection of Antietam Road and the school's driveway where the accident occurred when he glanced down at his speedometer to observe his speed, which was just under 20 m.p.h.  At that rate of travel, Rascher would have covered the distance to the intersection in less than two seconds.  See Code § 46.2-880 (statutory speed table indicating that 20 miles per hour equates to 29.3 feet per second).  On these facts, a jury reasonably could have found that Rascher would have had no opportunity to avoid the accident even if he had maintained visual contact with Friend's vehicle.  Thus, the alleged negligence on his part would not have been a proximate cause of the accident as a matter of law.

Having resolved the issues raised in this appeal, we take the opportunity to again stress the principle of tort litigation that issues of negligence and proximate cause ordinarily are questions of fact for the jury to determine, rather than questions to be determined by the trial court as a matter of law.  The trial court should overrule a motion to strike the evidence in every case in which there is any doubt that the party with the burden to do so has failed to prove negligence, contributory negligence, and proximate cause, as the case may be.  Brown v. Koulizakis, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985).  The rule "avoids the delay and

9

expense to the parties when a plaintiff is successful on appeal and a new trial is required. If the court overrules the motion to strike, submits the case to the jury and a plaintiff's verdict is returned, the court may set the verdict aside as being contrary to the evidence or without evidence to support it. If this Court reaches a different conclusion upon appeal, the record includes the verdict and we can enter final judgment, thus ending the case." Id. (citing Code § 8.01-430).

CONCLUSION

For these reasons, we hold that circuit court erred in granting Friend's motion to strike Rascher's evidence on the ground that Rascher was contributorily negligent as a matter of law. Accordingly, the judgment in favor of Friend will be reversed, and the case remanded to the circuit court for a new trial.

Reversed and remanded.