COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


MINOR CHILD,[1]
  BY HIS COURT-APPOINTED GUARDIAN *AD LITEM*
                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1167-10-2                    JUDGE RANDOLPH A. BEALES
                                                       MARCH 8, 2011
ROIJO E. ELLIS AND
  ROBERT E. ELLIS, JR.


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                 Buford M. Parsons, Jr., Judge Designate[2]

        Todd M. Ritter (Daniels & Morgan, on brief), for appellant.

        (Maureen L. White, on brief), for appellee Roijo E. Ellis.

        No brief or argument for appellee Robert E. Ellis, Jr.


        The minor child (hereinafter referred to as "the child"), through his guardian *ad litem*

(hereinafter referred to as "the GAL"), appeals the decision of the Circuit Court of Powhatan

County, which granted Roijo E. Ellis's (hereinafter referred to as "the mother") motion to strike and

then dismissed the GAL's petition. After reviewing the evidence in this record, we affirm the trial

court's ruling.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We have used the designation, "minor child," rather than the appellant's given name, in
order to attempt to provide some privacy for the child involved in this case.

        [2] Judge Thomas V. Warren presided over the hearing in this case and made a ruling from
the bench. Judge Warren then retired, and Retired Judge Buford M. Parsons, Jr., entered the
final order memorializing Judge Warren's ruling from the bench.

I. Procedural Background and Standard of Review[3]

The child's GAL filed a petition in the juvenile and domestic relations (hereinafter referred to as "JDR") district court, asking that the court find that the child was a "child in need of services" (sometimes referred to as a "CHINS" petition) pursuant to Code §§ 16.1-228 and 16.1-241(A)(1). The JDR court granted the petition, and the mother then appealed to the circuit court (hereinafter referred to as "trial court") for a trial *de novo*. See Code § 16.1-296(A). After the GAL presented her case to the trial court, the mother made a motion to strike, arguing that the GAL had failed to present sufficient evidence to prove that the child was in need of services. The trial court agreed and granted the motion. The GAL then noted an appeal to this Court.

When a trial court considers a motion to strike at the conclusion of a petitioning party's evidence, that court must "accept as true all evidence favorable to a plaintiff and any reasonable inferences that may be drawn from such evidence." James v. City of Falls Church, 280 Va. 31, 38, 694 S.E.2d 568, 572 (2010). On appeal, this Court must examine the record using this same standard. McGowan v. Lewis, 233 Va. 386, 387, 355 S.E.2d 334, 334 (1987); Chaplain v. Chaplain, 54 Va. App. 762, 772-73, 682 S.E.2d 108, 113 (2009). However, we review the application of the law *de novo*. See Shilling v. Baker, 279 Va. 720, 724, 691 S.E.2d 806, 808 (2010) (noting that, if "[t]he issue is a legal one," then "we review [it] de novo").

Because the trial court here ruled on a motion to strike at the conclusion of the GAL's evidence, rather than at the conclusion of all the evidence, this Court must review the evidence in the light most favorable to the GAL's position. See Chaplain, 54 Va. App. at 773, 682 S.E.2d at 113.

_____

[3] Because the facts are familiar to the parties, we forego a general discussion of the evidence in this record in favor of incorporating the relevant facts into our analysis below.

II. Analysis

Under Code § 16.1-228(i), a juvenile is "a child in need of services" if he is engaged in "behavior, conduct or [has a] condition [that] presents or results in a serious threat to [his] well-being and physical safety." As relevant to this case, the GAL needed to prove that "a clear and substantial danger to the child's life or health" existed, that the child and/or his family was "in need of treatment, rehabilitation or services not presently being received," and that the court's intervention was "essential to provide the treatment, rehabilitation or services needed." Code § 16.1-228 (defining "child in need of services").

The trial court found that the evidence presented by the GAL had not met the requirements of Code § 16.1-228. The court explained that the statute contained "a rather high threshold I think for the plaintiffs in the case, and I don't think you've reached it. I don't think the state [sic] has reached that hurdle of talking about clear and substantial danger to the child's life. I just can't follow that."

The evidence here, even viewed in the light most favorable to the GAL, failed to prove that a "serious threat" existed – that the child's behavior, conduct, or condition presented "a clear and substantial danger" to his "life or health." The evidence proved that the child was an excellent student, who made good grades. He was liked by his peers and his teachers, and he was involved in extracurricular activities. His mother was a school psychologist who did "very well" at her job. When the child's parents separated, the mother took the child to a counselor because, as she told the counselor, she had become concerned about the child's reactions to "the changes that the family was going through because of the dad." Nothing in this record suggests that the mother abused or neglected her child. Although one expert had "serious concerns" about her "ability to appropriately parent this child," the expert also admitted during direct examination that this expert did not have enough information to form a definite opinion.

Although the child's father was an abusive alcoholic who had punched the child once at some undetermined point in the past, the evidence proved that a protective order prohibited the father from contacting both the mother and the child. Although the mother had initially allowed the father to violate the protective order, the evidence proved that she had not allowed the father to violate the protective order for a number of months before the hearing in the trial court.

The experts testified that the mother and the child had "an adjustment disorder," which was characterized as "the lowest of all disorders." Such disorders, according to the experts, indicated that a specific situation was creating stress in their lives and "causing some impairment." However, the experts never explained what "impairment" existed in the child's life or in the mother's life. They did not explain how this "impairment" in the mother's behavior endangered the child, except to say that the child needed counseling and that the mother did not want to take the child to the current counselor.

The experts recommended that the child receive counseling because he had been exposed to an alcoholic father and had witnessed his father abusing his mother. However, neither expert pointed to any behavior *by the child* that suggested he needed more counseling than he had already received. The child exhibited no behavior that suggested he might become an alcoholic or an abusive spouse. One expert even explained that she had done no diagnostic testing of the child because "there didn't appear to be a need." Instead, the experts' advice was based on the abstract literature in their fields – not on the application of those abstract recommendations to the particular facts in this case. The experts had not collected sufficient information, by their own admissions, to clearly indicate what substantial dangers the child would face if the Commonwealth did not intervene in his care. At best, as the trial court found, the expert testimony was "speculative, sort of conjectural."

We agree with the trial court, for the above reasons, that this evidence did not prove that the child faced a "clear and substantial danger" to his life or health, especially given the existence of the protective order that is in place to protect the child and the GAL's own evidence in the record which indicates that the mother has not allowed the father to violate this protective order in quite some time. Therefore, the GAL's evidence did not meet the *prima facie* burden established in Code § 16.1-228 for proving that a child is in need of services.

### III. Conclusion

We find that the trial court did not err in granting the mother's motion to strike, and, thus, we affirm the trial court's dismissal of the CHINS petition.

<u>Affirmed.</u>