**Richmond**

CHRISTINE BRILL

V.

SAFEWAY STORES, INC.

Record No. 811615.

April 27, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson and Thomas, JJ., and Gordon, Retired Justice.

*Jeremy Flachs* for appellant.
*R. Taylor Cosby, Jr.*, for appellee.

POFF, J., delivered the opinion of the Court.

In this personal injury case, the plaintiff below appeals from a summary judgment entered in favor of the defendant. The sole issue is whether the trial court erred in striking the plaintiff's evidence at the conclusion of her case in chief. Under familiar principles, we view the evidence in the light most favorable to the plaintiff.

Plaintiff Christine K. Brill, age 72, was shopping for dog food in a grocery store operated by defendant Safeway Stores, Inc. Small packages of the product were displayed on three shelves located beneath large windows in the front wall of the store. The shelves were separated from a row of checkout stands by an aisle approximately five feet wide, affording room for "only two people . . . [to] walk side by side". Plaintiff was standing upright and motionless at a point "about four inches" from the shelves with her back to the aisle. She testified that, while holding and inspecting one of the packages, "I heard a swish come by and came very close, kicked my heel, and down I went." Plaintiff suffered a fracture of the femur in her fall.

The parties stipulated that William Betzler, defendant's employee, "came into contact" with plaintiff. While plaintiff was lying on the floor waiting for an ambulance, Betzler exclaimed, "I'm sorry it happened. I'm sorry I did that." Brenda Herr, another Safeway employee, confirmed that the "collision" had occurred while she and Betzler were "walking up the aisle side by side".

The trial court concluded as a matter of law that plaintiff's evidence was insufficient to raise a jury question on the issue of primary negligence. We disagree. It is true, as the court observed, that "negligence cannot be presumed from the mere happening of an accident" and that "[i]t is incumbent on the plaintiff who alleges negligence to show why and how the accident happened". But "negligence . . . may be established by circumstantial evidence. In establishing negligence it is not necessary that the plaintiff negate every theory or possibility that the accident occurred in some manner which would relieve the defendants of liability." *Sykes* v. *Langley Cabs, Inc.*, 211 Va. 202, 208, 176 S.E.2d 417, 421 (1970). Indeed, facts and circumstances surrounding an accident may be sufficient "to warrant the jury in inferring how the accident happened, and that it was the result of . . . *gross* negligence". *Hackley* v. *Robey*, 170 Va. 55, 61, 195 S.E. 689, 691 (1938) (emphasis added).

■ Here, the facts and circumstances are uncontroverted. Betzler was "walking up the aisle side by side" with Brenda Herr. The aisle, only five feet wide would not accommodate three people positioned abreast. Plaintiff was standing at the edge of the aisle in full view of Betzler and Herr as they approached. Betzler's foot "kicked" plaintiff's heel and she fell. At the time defendant's motion was offered, there was no evidence that plaintiff, with her back to the aisle, was aware of Betzler's approach, that she moved into his path, or that she was guilty of any other act or omission which contributed to the accident.

We are of opinion plaintiff's evidence in chief was sufficient to show how and why the accident occurred, *viz.*, that Betzler failed to maintain the reasonable lookout required by the standard of ordinary care defendant owed its business invitees. We hold that the trial court erred in granting defendant's motion to strike, and we will reverse the judgment and remand the case for a new trial. *See Trail* v. *White*, 221 Va. 932, 935, 275 S.E.2d 617, 620 (1981); *Semones* v. *Johnson*, 217 Va. 293, 294-95, 227 S.E.2d 731, 733 (1976); *Meador* v. *Lawson*, 214 Va. 759, 761, 204 S.E.2d 285, 287 (1974); *Williams* v. *Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973).

*Reversed and remanded.*