THE CHESAPEAKE AND POTOMAC TELEPHONE COMPANY
OF VIRGINIA

V.

APAC/VIRGINIA, INC.

Record No. 860264

November 18, 1988

Present: All the Justices

*N. Leslie Saunders, Jr. (Gary B. Patterson; Saunders, Hundley & Patterson*, on brief), for appellant.
*John S. Barr; James A. Lofton (Maloney, Yeatts & Barr*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in striking the plaintiff's evidence in a property damage action on the ground that, as a matter of law, the evidence failed to create a factual issue of negligence.

Because the trial court sustained a motion to strike the plaintiff's evidence, we view the evidence in the light most favorable to the plaintiff. *Brill* v. *Safeway Stores*, 227 Va. 246, 247, 315 S.E.2d 214, 215 (1984). APAC/Virginia, Inc. (APAC) was engaged in the removal of certain street improvements for the widening of West Broad Street in Henrico County. A part of its work involved the removal of a concrete drop inlet which had been installed near a water main and the underground telephone lines owned by The Chesapeake and Potomac Telephone Company of Virginia adjacent to Broad Street.

The drop inlet had been constructed on the site, and concrete forming a part of the drop inlet had been poured around the water main already installed below the drop inlet, thereby connecting it to the inlet. Although APAC knew water and telephone lines were in the area, it did not probe to see whether the drop inlet was attached to or close to any of these utilities before lifting it.

In lifting the inlet from the ground with a front end loader, APAC ruptured the water line and flooded the area, including that occupied by the telephone lines. Shortly thereafter, telephone personnel noticed a drop in the air pressure used to exclude moisture from the telephone lines. The lines flooded and became inoperable. A later inspection revealed that a part of the protective coating covering the telephone lines had been damaged. No other construction work was in progress in the area at the time.

The telephone company brought this action against APAC to recover the costs of repairing the telephone lines and alleged APAC was negligent in its removal of the drop inlet. At trial, APAC moved to strike the telephone company's evidence on the grounds that no negligence had been shown and further that the telephone company had not established APAC had damaged the protective coating of the telephone lines located six to eight feet from the drop inlet. The trial court sustained the motion on the ground that no negligence had been shown.

■ We have held that a trial court should not strike a plaintiff's evidence unless it is conclusively apparent that the plaintiff has failed to prove a *prima facie* case and, in every case, the court should overrule a motion to strike where there is any doubt on the question. *Brown* v. *Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985).

■ Given the facts and circumstances of this case, we think a jury should have been permitted to determine whether, in the exercise of reasonable care, APAC should have probed to see if excavating the drop inlet might damage adjacent utilities. Had APAC probed, it would have discovered the water lines attached to the drop inlet. Evidence of APAC's removal of the drop inlet and consequent breach of the water line created a jury issue of negligence in the damage to the nearby telephone lines.

■ Contrary to APAC's contention, we think the telephone company's failure to prove exactly how the protective coating was damaged cannot defeat its recovery. A jury reasonably could infer that the protective coating was damaged by APAC's activity. APAC was the only contractor operating in the area at the time, and evidence of the loss of air pressure in the telephone lines in the vicinity at approximately the same time the drop inlet was raised is sufficient to create an inference that APAC damaged the protective coating.

Therefore, we conclude that the trial court erred in striking the plaintiff's evidence. Accordingly, the decision of the trial court will be reversed and the case remanded for trial.

*Reversed and remanded.*